IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMMY BAKER )<br>          Petitioner,     )<br>                          )<br>     v.                   )<br>                          )<br> UNITED STATES OF AMERICA  )<br>          Respondent.     ) | Civil Action No. 06-08<br>Criminal Action No. 05-36 |

MEMORANDUM AND ORDER

This is an action brought by petitioner, Tommy Baker, *pro se,* against respondent, the United States of America, challenging a Bureau of Prisons regulation. On May 20, 2005, this court accepted petitioner's plea of guilty to possession of material depicting the sexual exploitation of a minor and sentenced him to serve 27 months in federal prison. Petitioner is currently incarcerated at FCI Elkton, in Lisbon, Ohio.

Petitioner is now seeking an order requiring the Bureau of Prisons to: (1) allow him to serve the last six (6) months of his sentence at a Community Correctional Center; and (2) recalculate the date his is eligible to be released from custody. Petitioner has, perhaps unintentionally, moved for the relief sought both as a motion to vacate sentence, pursuant to 28 U.S.C. § 2255, and as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

Respondent contends that petitioner is not challenging the validity of his sentence. Rather, respondent argues, petitioner is disputing the manner in which the Bureau of Prisons has chosen to execute his sentence. Thus, respondent notes, petitioner's motion may only be construed as a petition for a writ of habeas corpus. Because it is well established that petitions for a writ of habeas corpus must be brought against the custodian of the prisoner in the federal district court in which the correctional facility is located, respondent argues, this court lacks jurisdiction. Accordingly, respondent contends, this court should dismiss this action without prejudice to petitioner's right to bring an action against the appropriate party in the proper court. The court agrees.

We agree with the government that petitioner does not challenge the validity of his sentence; rather, he is challenging the manner in which the Bureau of Prisons is executing his sentence. Thus, the motion must be construed as a petition for habeas corpus under 28 U.S.C. § 2241. See e.g. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)(distinguishing between motions to vacate sentence and petitions for a writ of habeas corpus). Recently, the court of appeals for the third circuit held that challenges to the Bureau of Prisons interpretation and application of its own regulations were proper subjects of a

2

petition for habeas corpus relief under 28 U.S.C. § 2241. <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005).

A petition for a writ of habeas corpus pursuant to section 2241 must, however, be sought from a district court with jurisdiction over the custodian of the prisoner. Because petitioner is physically located in Ohio, as is his custodian, this court lacks jurisdiction to entertain the petition. Therefore, the motion must be dismissed without prejudice. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOMMY BAKER )
      Petitioner, )
 )
v. ) Civil Action No. 06-08
 ) Criminal Action No. 05-36
UNITED STATES OF AMERICA )
      Respondent. )

ORDER

AND NOW, this 25th day of May, 2006, upon consideration of petitioner's motion to vacate sentence, pursuant to 28 U.S.C. § 2255, and/or petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, IT IS HEREBY ORDERED THAT the motion is denied without prejudice. The clerk is directed to mark this case closed.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

4