Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Tommy BakerDocket No. 05-00036-001

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Tommy Baker, who was placed on supervision by the Honorable Gary L. Lancaster sitting in the Court at Pittsburgh, Pennsylvania, on the 20th day of May 2005, who fixed the period of supervision at five years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall not possess a firearm, destructive device, or any other dangerous weapon.
- Shall cooperate in the collection of DNA as directed by the probation officer.
- Shall pay a special assessment of $100.
- Shall refrain from the use of alcohol.
- Shall participate in a mental health program as approved and directed by the probation officer. Shall abide by all program rules, requirements, and conditions of any such program, including submission to polygraph testing to determine his compliance, until he is released from same by the probation officer.
- Shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.
- Shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography.
- Shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and internet service providers as approved by the probation officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants, internet appliances, electronic games, and cellular telephones, as well as the peripheral equipment that can access, or can be modified to access, the internet, electronic bulletin boards, other computers or similar media.

<u>05-20-2005</u>: Possession of Material Depicting the Sexual Exploitation of a Minor; 27 months' custody of the Bureau of Prisons, followed by 5 years' supervised release.
<u>06-20-2007</u>: Released to supervision; Currently supervised by U.S. Probation Officer Mike DiBiasi.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the Probation Office has obtained new software technology that will enhance supervision efforts and allow for closer monitoring of a defendant's use of computers, electronic communications, and data storage devices. This software can also prevent access to particular materials over the Internet. The defendant has signed a Probation Form 49, Waiver of Hearing to Modify Conditions of Supervised Release, which authorizes the imposition of the special condition of computer monitoring.

PRAYING THAT THE COURT WILL ORDER the term of supervision be modified to include the following conditions:

- The defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, the defendant shall consent to the installation of any hardware/software to monitor any computer or other electronic communication or data storage devices used by the defendant or to prevent access to particular materials. The defendant shall consent to periodic inspection of any such hardware/software to ensure it is functioning properly. The defendant shall pay the monitoring costs as directed by the probation officer.

- The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant will also abide by all rules of the Computer Restriction and Monitoring Program.

- The defendant shall submit his person, property, house, residence, vehicle, papers, effects, computers, and other electronic communication or data storage devices or media to search at any time with or without a warrant by any law enforcement or probation officer based upon reasonable suspicion of contraband, evidence of a violation of a condition of release/supervision, or unlawful conduct by the defendant. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

ORDER OF COURT

Considered and ordered this 2nd day of January, 2009, and ordered filed and made a part of the records in the above case.

_____
Gary L. Lancaster
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 30, 2008

_____
Mike DiBiasi
U.S. Probation Officer

_____
Paul J. Dippolito
Supervising U.S. Probation Officer

Place: Pittsburgh, Pennsylvania

PROB 49
(3/89)

# United States District Court

## Western District Of Pennsylvania

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**(REFER TO ATTACHED PAGE)**

Witness: _____  Signed: _____
Wendy M Brown                        Tommy Baker
United States Probation Officer      Probationer or Supervised Releasee

3-18-08
Date

The defendant shall not possess any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8).

The defendant is prohibited from access to any "on-line" computer service at any location (including employment or education) without prior written approval of the U.S. Probation Office or the Court. This includes any Internet Service Provider, bulletin board system or any other public or private computer network. Any approval shall be subject to conditions set by the U.S. Probation Office or the Court with respect to that approval.

The defendant shall consent to the installation of any hardware/software to monitor the defendant's computer and other electronic communication or data storage devices or to prevent access to particular materials. The defendant shall consent to periodic inspection of any such hardware/software to ensure it is functioning properly. The defendant shall pay the monitoring costs as directed by the probation officer.

The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software)and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant will also abide by all rules of the Computer Restriction and Monitoring Program.

The defendant shall submit his person, property, house, residence, vehicle, papers, effects, computers, and other electronic communication or data storage devices or media, to search at any time with or without a warrant by any law enforcement or probation officer based upon reasonable suspicion of contraband, evidence of a violation of a condition of release/supervision, or unlawful conduct by the defendant. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

Witness: _____  Signed: _____
            Wendy M. Brown                      Tommy Baker

3-18-08
Date